# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN JAMES ENTZMINGER.<br><br>    Defendant. | Case No. 12CR3450-H<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERY<br><br>(Doc. No. 83.) |

On May 24, 2018, Defendant Brian James Entzminger ("Defendant,") proceeding with retained counsel, filed a motion to compel production of discovery. (Doc. No. 83.) On May 31, 2018, the Court directed the Government to file a written response to the Defendant's motion. (Doc. No. 84.) On June 7, 2018, the Government filed its response in opposition to the Defendant's motion. (Doc. No. 85.) After considering the written submissions of the parties, the Court DENIES the Defendant's motion to compel production of discovery.

On April 23, 2013, the Defendant pled guilty to distribution of images of minors engaged in sexually explicit conduct in violation of Title 18 U.S.C. § 2252(a)(2). (Doc. Nos. 23 and 25.) On September 3, 2013, the Court sentenced the Defendant to a custodial term of 108 months. (Doc. No. 36.) The Defendant waived his right to appeal

pursuant to the plea agreement. (Doc. No. 25.) On September 5, 2013, the case was closed upon the filing of the Judgment. (Doc. No. 36.) On August 27, 2014, the Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 40.) On February 18, 2015, the Court denied the Defendant's § 2255 motion (Doc. No. 56) and on September 18, 2015, the United States Court of Appeals for the Ninth Circuit denied the Defendant's request for a certificate of appealability. (Doc. No. 70.)

The Defendant now moves under Rule of 16 of the Federal Rules of Criminal Procedure and Title 18 U.S.C. § 3509(m)(2) to compel the Government to produce discovery to newly retained counsel. Rule 16 governs discovery during the pendency of a criminal case. See United States v. U.S. Dist. Court (Delorean), 717 F.2d 478, 480 (9th Cir. 1983) ("In criminal cases, the defense is permitted to discover documents in the Government's possession if such documents are material to the preparation of the defense.") (internal citations omitted.) No preparation for trial is necessary in this case because this case has been closed for almost five years. Accordingly, the Defendant is not entitled to have the Government reproduce discovery.

To the extent that the Defendant relies on Title 18 U.S.C. § 3509(m)(2), the Court turns to the language of the statute. Title 18 U.S.C. § 3509(m)(2)(A) and (B) provides as follows:

> Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant. Title 18 U.S.C. § 3509(m)(2)(A)
>
> For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial. Title 18 U.S.C. § 3509(m)(2)(B)

During the pendency of this case, the discovery was reasonably available to the Defendant and the Defendant was provided ample opportunity to inspect, view and examine the discovery with his prior counsel of record.[1] Indeed, the statute requires the Court to deny any request to reproduce the discovery given the ample opportunity afforded to the Defendant to inspect, view and examine the discovery during the pendency of this case.

For the foregoing reasons, the Court DENIES the Defendant's motion to compel production of discovery.

IT IS SO ORDERED.

DATED: June 12, 2018

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

---

[1] The Defendant relies on two district court cases discussing the applicability and scope of Title 18 U.S.C. § 3509(m)(2)(A) and (B) to support his motion. See United States v. Flinn, 521 F.Supp.2d 1097 (E.D. Cal. October 16, 2017); United States v. Mitchell, 128 F.Supp.3d 1266 (E.D. Cal. September 2, 2015). These two cases dealt with a defendant's request to duplicate the child pornography contained in the hard drive belonging to each defendant. In each of these cases, the district court denied the defendant's request to duplicate the hard drive and found that the defense was provided ample opportunity to view and inspect the discovery. Indeed, the Defendant was afforded ample opportunity to view and inspect the discovery during the pendency of this case. Nevertheless, the cases cited by the Defendant discusses the scope of Title 18 U.S.C. § 3509(m)(2)(A) and (B) in the context of a pending criminal case proceeding to trial. As the Court pointed out, there is no trial preparation required in this case because this case is closed.